IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CAREY W. FRIX, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-02559-STA-egb |
| ) | |
| INTEGRITY MEDICAL SYSTEMS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER DISMISSING ORDER TO SHOW CAUSE AND DIRECTING DEFENDANT TO RESPOND TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On July 11, 2017, this Court issued an order directing Defendant to show cause why an entry of default should not be entered against it after Defendant failed to obtain counsel and notify the Court within the prescribed deadline. (ECF No. 46; *see* ECF No. 43.) Defendant's new counsel filed a notice of appearance on that same day (ECF No. 45), and has now responded to the show cause order (ECF No. 47).

Federal Rule of Civil Procedure 55 allows the Court to "set aside an entry of default for good cause."[1] Fed. R. Civ. P. 55(c). "In determining whether good cause exists, the district court must consider: (1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (internal quotation marks omitted). First, Defendant's response to the show cause order and the

---

[1] Despite the fact that default has not been entered against Defendant, the Court finds it useful to evaluate Defendant's conduct under this framework.

attached affidavit (ECF No. 47-1) demonstrate that Defendant exercised diligence in attempting to secure new counsel after the Court granted its motion for a time extension on June 7, 2017 (ECF No. 43). This is not a case of a "willful failure . . . to appear and plead." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Second, Defendant's Answer (ECF No. 12) meets the permissive standard for establishing a meritorious defense. *See United States v. $22,050.00*, 595 F.3d at 326 ("[A] defense is meritorious if it is 'good at law,' regardless of whether the defense is actually likely to succeed on the merits.") Finally, the prejudice to Plaintiff is low here, where Defendant's inaction resulted in a delay of only a few days. For these reasons, the Court is satisfied that Defendant has shown good cause for its delay. Accordingly, the Court hereby DISMISSES the show cause order and will not direct the clerk to enter default against Defendant.

The Court's June 7, 2017 order granting Defendant's motion for an extension of time directed Defendant to "file its response to Plaintiff's motion [for partial summary judgment] within twenty-eight (28) days of its retention of new counsel." (ECF No. 43 at 2.) In the interested of minimizing prejudice to Plaintiff, the Court shall continue to enforce that deadline here, and Defendant is DIRECTED to file a response to Plaintiff's pending motion for partial summary judgment by August 4, 2017—twenty-eight days after the original deadline for securing new counsel.

IT IS SO ORDERED this 21st day of July, 2017.

                                                    s/ S. Thomas Anderson
                                                    S. THOMAS ANDERSON
                                                    CHIEF UNITED STATES DISTRICT JUDGE